The State, ex rel. Miami Valley Memory Gardens Assn.,
v. South et al., Board of Commrs. of Warren County.

[Cite as State, ex rel. Memory Gardens, v. Bd. of Commrs.
(1970), 24 Ohio App. 2d 93.]

(No. 366—Decided October 13, 1970.)

*Mr. Roy D. Boucher,* for relator.
*Messrs. Peck, Shaffer & Williams* and *Mr. John W. Fisher, III,* for respondents.

*Per Curiam.* This is an action in mandamus to compel the Board of Commissioners of Warren County to transmit to the Probate Court of that county the original papers and a certified transcript of the record in proceedings relative to a proposed water supply system in the Franklin-Lebanon Sewer District.

The board, having before it a plan of water supply and waterworks, adopted a resolution approving the plans, specifications, estimate of costs and tentative assessments and declaring such improvement necessary for the preservation and promotion of public health, welfare and safety. After two public hearings, the relator filed its objections and notice of intent to appeal. When the board passed its resolution determining to proceed with the improvement and advertised for construction bids, relator

filed an appeal bond, in an amount fixed by the board, in accordance with R. C. 6117.10.

The issue confronting us is whether, upon the facts here, the board has a clear legal duty to transmit to the Probate Court of Warren County the original papers and certified transcript of the record of the proceedings.

R. C. 6117.13 provides:

"Within ten days after the filing of an appeal bond provided for in Section 6117.10 or 6117.11 of the Revised Code, or the making of the entry provided for in Section 6117.12 of the Revised Code, the board of county commissioners shall transmit to the Probate Court the original papers in the proceedings, and a certified transcript of the record of said board of all proceedings in connection therewith. Upon receipt thereof, the Probate Judge shall forthwith docket the cause, and the appellants shall be designated as the plaintiffs, and the board shall be designated as the defendant."

We conclude that R. C. 6117.13 establishes a mandatory duty to be performed by a board of county commissioners after the filing of an appeal bond. After one seeking to appeal has complied with the applicable statutes, nothing more remains to be done by him until the board performs its duty. A board of county commissioners cannot frustrate an appeal by refusing to transmit to a Probate Court the original papers in the proceedings and a certified transcript of the record of that board of those proceedings.

The writ of mandamus prayed for will issue to compel the Board of Commissioners of Warren County to transmit what is required by law to be transmitted to the Probate Court of Warren County.

*Writ allowed.*

SHANNON, P. J., HILDEBRANT and HESS, JJ., concur.